The People of Puerto Rico, Plaintiff and Appellee, v. Martín Cruz Carrillo, Defendant and Appellant.

No. 8458. Argued December 16, 1940.—Decided December 23, 1940.

*Martín Cruz Carrillo, in pro. per.,* for appellant.  *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Martín Cruz Carrillo was prosecuted on two charges of aggravated assault and battery and on one of carrying a prohibited weapon, the three offenses having been committed on January 26 of the present year, in Nueva Palma Street, Tras Talleres, Santurce, San Juan, Puerto Rico.

By stipulation of the parties, the cases were jointly heard by the district court, which rendered judgments sentencing

the defendant to six months in jail in each of the cases of aggravated assault and battery, and to a term of two months in the case of carrying a prohibited weapon.

Feeling aggrieved by those judgments, the defendant appealed to this court, and a single transcript of record was prepared for the three appeals, and filed on September 16, 1940, in the office of the secretary of this court. Afterwards, the appellant personally filed three manuscript documents, the last of them being entitled "Motion—Brief," and the hearing was set for the following December 16th.

At the hearing, only the prosecuting attorney appeared, who, upon the case being called by the secretary, confined himself to a verbal motion to dismiss the appeals for want of jurisdiction, as it did not appear that the notices of appeal had been served on the district attorney. He had not previously filed any written report on the merits of the appeals.

Upon examining the record for the purpose of disposing of the motion for dismissal, we find, indeed, that the notices of appeal bear no notation at the foot of each of them to indicate that the same had been served on the district attorney; but we also find that the transcript of evidence sent up is certified thus: "Do HEREBY CERTIFY: That the foregoing is a faithful transcript of the evidence introduced by the parties at the trial of these cases, copies of the same having been served on the District Attorney, Mr. Franco, and on L. Fernández Méndez, Esq., attorney for the defendant-appellant, in accordance with the law.—San Juan, P. R., July 12, 1940.—(Sgd.) J. Morales Díaz, Stenographer-Reporter"; and that at the foot of each certificate there appears the following notation, in the handwriting of both parties: "There is no objection (Sgd.) H. Franco, District Attorney. —9/5/40.—Accepted: (Sgd.) Lionel Fernández Méndez.— Sept. 9, 1940."

Those being the facts, the case falls within the rule applied in *People* v. *Loubriel*, 54 *D.P.R.* 1010, a *per curiam*

decision of May 31, 1939, as may be seen-from the following recitals (*por cuantos*) on which this court based its decision in that case, denying the dismissal sought by the prosecuting attorney, also on the ground of want of jurisdiction for failure to serve the district attorney with notice of the appeal taken:

"WHEREAS, a certified copy of the transcript of the evidence was served by the stenographer on the district attorney on September 6, 1938, and said district attorney, on December 1, 1938, within the six months following the rendition of the judgment appealed from, signed the original of said transcript, with the statement that he had no objection thereto; and

"WHEREAS, the transcript of record was filed in the office of the secretary of this court on March 14, 1939, and the motion for dismissal was not filed until May 25, after the prosecuting attorney of this court had been served with a copy of appellant's brief on the same day when said brief was filed, some six months after the district attorney had stated in writing his acceptance of the transcript of the evidence, and some eight months after he had been served with a copy of said transcript."

From an examination of the above-cited decision we find that, although it upholds the principle of the necessity of serving the notice of appeal in order that this court may acquire jurisdiction, it favors the consideration of any act tending to show actual notice of the appeal on the part of the prosecuting attorney, his intervention in the prosecution of the same, and his ability to timely protect within the proceedings the interests represented by him, in order to determine whether or not there has been a substantial compliance with the statute and, if so, decide that jurisdiction to entertain the appeal has been conferred: *People* v. *Varela*, 41 P.R.R. 879; *People* v. *Rubio*, 44 P.R.R. 866; *People* v. *Mercado*, 45 P.R.R. 721.

We think that in this case there was such a substantial compliance, and hence that this court has jurisdiction. As the prosecuting attorney has not yet filed any written report

on the merits of these appeals, it seems advisable that a new hearing be set for the earliest practicable date. Our decision must therefore be confined to a denial of the dismissal sought.